UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANOKHY DESAI, *on behalf of herself and all others similarly situated,*<br><br>PLAINTIFF,<br><br>V.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>DEFENDANT. | Case No.   2:20-cv-844<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Anokhy Desai ("Plaintiff"), by and through her undersigned counsel, brings this class action against Defendant, Carnegie Mellon University (the "University" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend Carnegie Mellon University for an in-person, hands-on education for the Spring 2020 semester and had their course work moved to online learning. Such persons paid all or part of the tuition for this semester of approximately $27,908 for ungraduated students and ranging from approximately $18,369 to $34,000 for graduate students, and mandatory fees that included an Activity Fee of $132, Transportation Fee of $112, Media Fee of $5, and a Technology Fee of $215, for a total of $464 (collectively, the "Mandatory Fees"). Other than a portion of the Transportation Fee, the University has not refunded any amount of the tuition or Mandatory Fees, even though it has implemented online distance learning starting on March 16, 2020.

1

2.      On or about March 16, 2020, the University also stopped providing any of the services or facilities the Mandatory Fees were intended to cover because of the University's response to the Coronavirus Disease 2019 ("COVID-19") pandemic.

3.      The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 16, 2020 is a breach of the contracts between the University and Plaintiff and the members of the Class and is unjust.

4.      In short, Plaintiff and the members of the Class have paid for tuition for a first-rate education and an on-campus, in-person educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

5.      As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which were simply not being provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

6.      Plaintiff seeks, for herself and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time that remained in the Spring 2020 semester when the University closed and switched to online distance learning.

## PARTIES

7.      Plaintiff Anokhy Desai is a citizen of Pennsylvania and resides in Allegheny County, Pennsylvania.  She paid to attend the Spring 2020 semester at the University as a full-time Master of Science in Information Security Policy graduate student.  Plaintiff paid tuition for the Spring 2020 semester and the Mandatory Fees to enable her to obtain an in-person, on-campus

educational experience and allow her to participate in the activities and to utilize the services covered by the Mandatory Fees that she paid. She has not been provided a pro-rated refund of the tuition for her in-person classes that were discontinued and moved online, or the Mandatory Fees, other than a portion of the Transportation Fee, that she paid after the University's facilities were closed and events were cancelled.

8. Defendant, Carnegie Mellon University, is a private research university that was originally founded as the Carnegie Technical Schools in 1900 by Andrew Carnegie, becoming known as Carnegie Mellon University in 1967. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs. Defendant's undergraduate and graduate programs include students from many, if not all, of the states in the country. Its principal campus is located in Pittsburgh, Pennsylvania. Defendant is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

10. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

**FACTUAL ALLEGATIONS**.

12. Plaintiff and Class Members paid to attend the University's Spring 2020 semester including tuition and the Mandatory Fees. The Spring 2020 semester at the University began on or about January 13, 2020. The Spring 2020 semester ended on or around May 11, 2020.

13. Tuition at the University for in-person education for the Spring 2020 semester was approximately $27,908 for ungraduated students, and ranged from approximately $18,369 to $34,000 for graduate students.

14. Plaintiff and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the entire Spring 2020 semester.

15. Plaintiff and the members of the Class paid the Mandatory Fees for the Spring 2020 semester so they could benefit throughout the Spring 2020 semester as follows:

> STUDENT ACTIVITIES FEE: used to cover student programming and events on campus.
>
> MEDIA FEE: assessed to undergraduate students only to support the newspaper program.
>
> TECHNOLOGY FEE: used to support information technology, software licensing, and the Andrew email system.
>
> TRANSPORTATION FEE: used to support students' local transportation needs.

***In Response to COVID-19, the University Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes***

16. In response to the COVID-19 pandemic, the University created a new section for its online website - https://www.cmu.edu/coronavirus/index.html - to post news alerts and responses to frequently asked questions in order to provide students and faculty with the most up-to-date information regarding the University's response to the pandemic.

17. On March 11, 2020, by way of announcement on its website and via letter from University President Farnam Jahanian, the University advised that starting on March 16, when students were scheduled to return from spring break, all in-person classes were to be moved to online remote learning for the remainder of the Spring 2020 semester.

18. The University stated that it was also cancelling all clubs, sports, and events for the remainder of the semester. Specifically, the website contained the following information:

> **˅ What campus events and meetings are canceled?**
>
> Following guidance from the Allegheny County Health Department, Greek Sing and Spring Carnival are canceled. Canceling these events is the only way we can commit to social distancing and to limit the spread of infection.
>
> Varsity, club and intramural sports are canceled for the remainder of the semester for the safety of our students and community.
>
> In-person student organization events are cancelled until further notice. The SLICE office will be issuing guidance on how student organizations can comply with social distancing guidelines to support limited engagement.

19. The University announced that it will be closing all campus buildings and facilities, only keeping one building open for students to pick up online food orders. Specifically, the website contained the following information:

> **˅ Are Pittsburgh campus buildings open?**
>
> Pittsburgh campus buildings and facilities are closed except to authorized personnel for essential work and research. The Tepper School Building is open to provide students with a place to pick up their online food orders. The Cohon University Center (CUC) has hours of operation for the Post Office, Credit Union and for those who work at the WRCT Radio Station.

20. The University announced that it will be closing the University libraries and fitness centers, stating:

## ˅ Are University Libraries open?

All University Libraries have been closed.

## ˅ Will campus fitness centers remain open?

Fitness centers in the Cohon University Center, Tepper Quad and housing facilities are closed until further notice. This follows guidance from the Allegheny County Health Department, which has stated the use of fitness facilities increases the risk of virus transmission.

21. The University then posted on its website that the May 17, 2020 commencement was to be postponed and that all degrees will be conferred virtually.

22. The University has not held any in-person classes since March 5, 2020, before the commencement of spring break. All classes since March 16, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

23. Most of the services for which the Mandatory Fees were assessed were also terminated or cancelled at or about this time, such as access to or participation in University events, programs or services; fitness facilities; student organizations, clubs or sports; and an in-person commencement.

24. Although the University has provided an option to receive a refund for pro-rated meal plans, housing costs, and Transportation Fees, the University has not provided reimbursement or refund information regarding tuition or the other Mandatory Fees.

25. In tacit acknowledgement that the online education system is substantially different and inadequate, the University allowed students to receive and view a letter grade for each class, with the election to change that letter grade to a Pass or No Pass indication instead if they were unhappy with the grade received.

***The University's Online Courses Are Subpar to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the University to Receive by Paying Tuition and Fees***

26. Students attending the University's Spring 2020 semester did not choose to attend an online institution of higher learning, but instead chose to enroll in the University's in-person educational program.

27. On its website, the University markets the University's on-campus experience and location in Pittsburgh as a benefit of enrollment:

> The Carnegie Mellon experience doesn't end inside the classroom. As a Tartan, you'll meet and learn from a geographically and academically diverse group of people during your time as an undergraduate student.

# LIFE
## @Carnegie Mellon

There's more to life at Carnegie Mellon than academics. Learn about all that Carnegie Mellon has to offer from over 300 clubs to the traditions you won't find anywhere else.

> Choosing Carnegie Mellon is choosing to spend your next four years in a city that's on the move. You'll be amazed at what Pittsburgh has to offer.

> Hundreds of student organizations, along with expanded recreation programs, encourage community engagement in a way that is comprehensive, holistic and forward thinking.
>
> **In Pittsburgh**
>
> Many seek Pittsburgh for being a hot spot for entrepreneurship and a model for future cities. Others come for the city's burgeoning food scene.

28. The online learning options being offered to the University's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was. During the online portion of the Spring 2020 semester, the University principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students, and among individual students that is instrumental in interpersonal skill development.

29. The online formats being used by the University do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

30. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

31. Further, the ability to first review your letter grade, then change to a Pass or No Pass designation if unhappy, provides the students with an educational leniency that does not require the motivation or discipline that would be otherwise required under the usual in-person letter grading system.

32. Access to facilities such as libraries, laboratories, computer labs, and study rooms, are integral to a college education, and access to the myriad of activities offered by campus life fosters social development and independence as well as networking for future careers, all substantial and material parts of the basis upon which the University can charge the tuition it charges, are not being provided.

33. The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 semester for the period it moved to subpar online distance learning.

34. Nor has the University refunded any portion of the Mandatory Fees, other than a portion of the Transportation Fee, it collected from Plaintiff and the members of the Class for the Spring 2020 semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay.

35. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fees they paid for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

## **CLASS ACTION ALLEGATIONS**

36. Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as: All persons who paid tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester at the University but had their class(es) moved to online learning (the "Class").

37. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

38. The requirements of Rule 23(a)(1) are satisfied. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, the University has reported that an aggregate of 13,278 undergraduate and graduate students have enrolled for the 2019-2020 school year. The names and addresses of all such students are known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

39. The requirements of Rule 23(a)(2) are satisfied. There are questions of law and fact common to the members of the Class including, without limitation:

   a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the Spring 2020 semester;

   b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 5, 2020;

    c.    Whether Defendant breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020; and

    d.    The amount of damages and other relief to be awarded to Plaintiff and the Class members.

40.    The requirements of Rule 23(a)(3) are satisfied. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fees that they paid, that the University stopped providing in mid-March.

41.    The requirements of Rule 23(a)(4) are satisfied. Plaintiff is an adequate class representative because her interests do not conflict with the interests of the other Class members who she seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

42.    Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger

11

of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

43. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

44. Plaintiff brings this claim individually and on behalf of the members of the Class.

45. By paying the University tuition and the Mandatory Fees for the Spring 2020 semester, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout the entire Spring 2020 semester. As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

46. The University has breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the Spring 2020 semester, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during the entire Spring 2020 semester. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

47. Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fees they each paid during the portion of time the Spring 2020 semester in which in-person classes were discontinued and facilities were closed by the University.

48. The University should return such portions of the tuition and Mandatory Fees to Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF

### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

49. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

50. Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiff and the Class do not have an enforceable contract with the University regarding the relief requested.

51. Plaintiff and members of the Class conferred a benefit on the University in the form of tuition and the Mandatory Fees paid for the Spring 2020 semester. The payment of this tuition and Mandatory Fees were to be in exchange for an in-person, on-campus educational experience and access to services and facilities to be provided to Plaintiff and the members of the Class throughout the Spring 2020 semester.

52. The University has retained the full benefit of the tuition and Mandatory Fees payment by Plaintiff and the members of the Class for the Spring 2020 semester, yet has failed to provide the quality of education and services and facilities for which tuition and the Mandatory Fees were paid, including those for an in-person and on-campus live education, and access to the University's services and facilities.

53. The University's retention of the portion of the tuition and Mandatory Fees during the period of time the University has been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid, is unjust and inequitable under the circumstances.

54. Accordingly, the University has been unjustly enriched in the amount of the prorated tuition and Mandatory Fees it retained during the portion of time the Spring 2020 semester in which in-person classes were discontinued and facilities were closed by the University.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order of restitution and all other forms of equitable monetary relief;

(e) Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(f) Awarding pre- and post-judgment interest on any amounts awarded; and,

(g) Awarding such other and further relief as may be just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

| | |
|---|---|
| Dated: June 5, 2020 | Respectfully submitted,<br><br>*s/ Gary F. Lynch*<br>Gary F. Lynch<br>Edward W. Ciolko*<br>Kelly K. Iverson<br>James P. McGraw<br>**CARLSON LYNCH LLP**<br>1133 Penn Avenue<br>5th Floor<br>Pittsburgh, PA 15222<br>P (412) 322-9243<br>F. (412) 231-0246<br>E. glynch@carlsonlynch.com<br>   eciolko@carlsonlynch.com<br>   kiverson@carlsonlynch.com<br>   jmcgraw@carlsonlynch.com<br><br>*Counsel for Plaintiff and Proposed Class*<br>*\* pro hac vice application forthcoming* |